## ORTIZ, PETICIONARIO, *v.* TEXIDOR, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de San Juan, Sección Primera.

No. 243.—Resuelto en marzo 8, 1919.

CAUSA DE ACCIÓN—REMEDIOS—ALEGACIONES.—Las causas de acción son claramente distintas de los remedios a que puedan dar lugar; y la misma causa de acción puede dar lugar a varios remedios. Una demanda puede, sin exponer más de una causa de acción independiente, exigir la determinación de varias materias incidentales al remedio principal, y será considerada como que no expone sino una causa de acción, aunque en ella se soliciten distintos y varios remedios, cuando todos ellos sean germanos a la consecución de un solo derecho fundamental. Así, pues, en un pleito para obligar al cumplimiento de un contrato sobre venta de terreno, la demanda no expone sino una sola causa de acción, aunque persiga además del cumplimiento personal (*specific performance*) del contrato, la indemnización por concepto de rentas y ganancias.

PARTES DEMANDADAS—CAUSA DE ACCIÓN—ACUMULACIÓN DE·ACCIONES.—La multiplicidad de partes no aumenta necesariamente el número de causa de acción, y una demanda puede exponer tan sólo una causa de acción aunque afecte a un número de personas, ya como demandantes, ya como demandadas, o pueda afectar distintas parcelas de terreno separadamente poseídas por diferentes personas. Esto es especialmente cierto en acciones de naturaleza equitativa que requieren el agotar y ajustar los derechos y obligaciones de un número de personas y el ejercicio de diferentes formas de las facultades de equidad y la concesión de diferentes formas de remedios, siendo procedente en tales acciones el acumular como partes a todas las personas interesadas sin que sean necesariamente afectadas de la misma manera o con el mismo alcance.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. José R. F. Savage.*

Abogados de los interventores: *Sres. J. y M. Tous Soto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En la demanda enmendada en este caso se alega en síntesis que Antonio Manjón, vecino de Barcelona, España, es dueño de cierta parcela de terreno; que en abril 26 de 1917 el demandante ofreció, por carta, comprar dicha finca junto con la cosecha de café pendiente de recolectar en la misma, por la suma de nueve mil dollars pagaderos, cuatro mil al contado y el resto en hipoteca, o en caso de no querer el dueño

vender la finca, arrendarla por setecientos dollars anuales; que en una carta fechada en Barcelona, de junio 9, 1917, Manjón aceptó la proposición del demandante en una forma modificada en cuanto al pago especificando cinco mil dollars al contado y los cuatro mil restantes en cuatro años, devengando el 6 por ciento de interés anual, debiendo verse el demandante con Teodoro Moscoso, agente y apoderado de Manjón, quien tenía poder suficiente para el otorgamiento de la escritura; que por carta fechada julio 2, 1917, el demandante aceptó la modificación a su proposición original e informó a Manjón que Moscoso había sido notificado; que inmediatamente al recibo de la carta de junio 9, allá por el día 25 de junio de 1917, el demandante notificó a Moscoso por correo que el demandante había aceptado la proposición de Manjón y que el demandante estaba listo para llevar a cabo el convenio y exigió el otorgamiento de la escritura de venta; que esta notificación fué repetida en 7 de julio de 1917; que en julio 7 Moscoso replicó que él no podía otorgar la escritura de venta por faltarle instrucciones del señor Manjón; que en julio 13 el demandante envió a Manjón un cable aceptando las condiciones de venta, pidiéndole que ordenara por cable el otorgamiento de la escritura; que en julio 18, 1917 el demandante escribió a Manjón confirmando la carta de julio 2 y el cable del día 13 e informándole de la manifestación hecha por su agente, también que el demandante había sido perjudicado por la pérdida de los frutos de dicha finca, los que un tercero estaba recogiendo y, por último, exigiéndole que diera instrucciones inmediatamente para el otorgamiento de la escritura; que Manjón estaba en posesión de dicha finca, la que estaba también ocupada por los demandados Fernández y Cartagena, quienes alegan tener algún interés en los frutos de dicha finca, por cuyo motivo los hacen parte demandada en este litigio; que en el mes de julio de 1917 el demandante notificó a los dichos demandados Fernández y Cartagena que la propiedad había sido vendida al demandante por el dueño de la misma, el demandado Manjón; que en el mes de julio de 1918, cuando

el demandante aceptó las condiciones de la venta propuestas por el demandado señor Manjón había pendiente de recolectar en la finca una cosecha de café por valor de tres mil dollars más o menos, como también habían en dicha finca madera, carbón y frutos menores de un valor de más de $500; que desde julio de 1917 los demandados Fernández y Cartagena han recolectado dichas cosechas pretendiendo ser dueños de las mismas, y han cortado muchos árboles y mucha madera en dicha finca y últimamente han abandonado dicha finca de tal manera que ha disminuído su valor; que el demandante en julio 2 de 1917 y en todo tiempo posterior, ha estado y aún está listo, dispuesto y en condiciones para llevar a cabo la compra de la finca de acuerdo con los términos convenidos con el demandado señor Manjón y que hasta la fecha en que se radicó esta demanda ha sido imposible conseguir que el demandado Sr. Manjón ni su apoderado Sr. Moscoso otorguen a su favor la escritura de traspaso de dicha finca. En la súplica se solicita se dicte sentencia obligando al demandado Manjón o a su agente y apoderado Sr. Moscoso para que a nombre de aquél otorgue a favor del demandante la escritura de venta de dicha finca con todas sus pertenencias por el precio y bajo las condiciones estipuladas entre las partes y disponiéndose que en caso de que dichos demandados dejaran de otorgar esta escritura dentro del término que para ello le conceda la corte, que se otorgue dicha escritura por el marshal de la misma, quedando en ese caso depositados en la oficina del secretario a disposición del demandado los $5,000 o la parte de los mismos que la corte ordene y que habría de pagar el demandante de contado al otorgarse dicha escritura; y obligando a dicho demandado Sr. Manjón a pagar asimismo al demandante el importe de las rentas y ganancias producidas por dicha finca desde la fecha en que se perfeccionó el convenio de venta hasta que le sea otorgada al demandante la escritura de compraventa, y los daños y perjuicios causados en dicha finca desde julio 13, 1917 con más los gastos, costas y honorarios de abogado, todas cuyas cantidades serán

deducidas del precio de venta de $9,000; y obligando a los demandados Manjón, Moscoso, Fernández y Cartagena, una vez otorgada la escritura de compraventa, a entregar al demandante la ameritada finca con todas sus pertenencias incluyendo toda cosecha de café recolectado en dicha finca desde el día 13 de julio de 1917 hasta la resolución definitiva de este litigio, y concediendo al demandante cualquier otro remedio que sea justo y equitativo en tales casos y a lo cual tenga derecho.

En la demanda original en adición a las materias anteriormente mencionadas, se alega por información y creencia que el demandado Fernández estaba negociando con el demandado Manjón el traspaso de dicha finca al citado Fernández y que si el demandado Fernández obtuviese a su favor semejante escritura de venta, el demandante quedaría irreparablemente defraudado de su compra, por cuanto Manjón no tenía en Puerto Rico ninguna otra propiedad que la que en la demanda se describe; y solicitó un auto de *injunction* para impedir al demandado Moscoso como agente y apoderado de Manjón y Fernández otorgase semejante escritura de traspaso, y a los demandados Fernández y Cartagena de disponer del café recolectado o que había que recolectarse en la citada finca con posterioridad al 13 de julio de 1917, y de seguir cortando madera o leña en dicha propiedad o de disponer de la misma o de ningún otro producto hasta la resolución final de este caso.

Los demandados bajo la teoría de una acumulación de tres causas distintas de acción, a saber: una en contra de Manjón para el otorgamiento de la escritura; otra en contra de Manjón y Moscoso para impedir la enajenación de la finca, y otra en contra de todos los cuatro demandados por daños y perjuicios, pidieron que el demandante fuera requerido a presentar una nueva demanda exponiendo separadamente estas así llamadas distintas causas de acción, lo que así fué ordenado por la corte.

En la orden eliminando la demanda enmendada de los au-

tos por haber dejado de cumplir con la orden previa de la corte, se hace constar que la alegación enmendada es substancialmente la misma que la originalmente presentada, salvo la eliminación de la súplica del *injunction* con los hechos en que se basaba en este sentido, y que la misma aun expone tres distintas causas de acción, a saber: una en contra de Manjón para el cumplimiento del convenio de venta; otra en contra de Moscoso para obligarle al otorgamiento de la escritura y la tercera en contra de todos los demandados para la entrega de posesión.

Los casos de *McCarty* v. *Fremont,* 23 Calif. 196; *Haskell* v. *Haskell,* 54 Calif. 262; *Baldwin* v. *Ellis,* 68 Calif. 495; y *Hopkins* v. *Costa County,* 106 Calif. 566 citados por la corte inferior en apoyo de esta resolución no son de aplicación.

La acción del demandante está basada en su alegado derecho contractual a la propiedad y posesión del inmueble en cuestión, y sobre la supuesta invasión de ese derecho por los demandados. El juez de distrito parece haber confundido la idea de partes y de remedios con la cuestión de lo que constituye una causa de acción, a diferencia de varias causas distintas de acción.

"Por acumulación de acciones, o con más propiedad, por acumulación de causas de acción se entiende la unión de dos o más pretensiones o derechos de acción en una acción; la exposición de más de una causa de acción en una demanda. La manera por la cual las causas así acumuladas deben ser expuestas es una cuestión diferente y constituye una cuestión de alegaciones (*pleading*). Acumulación de causas es también una cuestión distinta de la de acumulación de partes y la una no envuelve necesariamente la otra; * * *.

"La cuestión de acumulación de causas de acción envuelve en determinados casos la pregunta preliminar respecto de si dos o más causas de acción han sido expuestas, porque obviamente no puede haber cuestión alguna sobre defecto de acumulación de causas si la demanda no expone sino una sola causa de acción o ninguna causa de acción en absoluto; pero si se llegare a determinar que se han expuesto dos o más distintas causas de acción, entonces se hace necesario determinar si son de tal naturaleza que puedan con propiedad acumularse en la misma acción. * * *.

"La prueba de si más de una causa de acción se ha expuesto en una demanda es la de si existe más de un derecho fundamental o asunto en controversia presentado para hacerla efectiva o para su decisión, y no si existen distintas clases de remedios solicitados u objetos perseguidos. Al aplicarse esta prueba es de observarse que sin dar lugar a más de una causa de acción, el derecho fundamental del demandante y la infracción del mismo por el demandado, que tomados en conjunto constituyen la causa de acción, puede cada uno ser muy complicado, y puede envolver un número de derechos subordinados o materias incidentales. Al determinar esta cuestión, debe tenerse en cuenta más bien la substancia que la forma de la demanda porque una demanda puede de hecho exponer diferentes causas de acción aun cuando estén expuestas en forma de una sola, o puede exponer tan sólo una causa de acción, a pesar de hallarse redactada en forma de varias. En casos dudosos puede estimarse procedente considerar la forma de la demanda o el remedio pedido o el objeto perseguido; pero ninguno de los dos es decisivo (*controlling*). * * *

"De acuerdo con los principios anteriormente expuestos si los hechos alegados en una demanda o petición no demuestran sino un derecho fundamental distinto por parte del demandante y un agravio o transgresión por parte del demandado que envuelva ese derecho, no se ha expuesto sino una sola causa de acción. Esto es cierto aunque se aleguen razones incidentales en conexión con el derecho fundamental, que hagan otras partes que no sean los demandados principales partes propias o necesarias al litigio, o aunque se expongan hechos que, germanos al propósito principal de la acción, pueda constituir fundamentos independientes de remedio; y cuando una sola transacción sea su fundamento, la demanda necesariamente no expone dos causas de acción, porque los hechos alegados puedan revelar una responsabilidad tanto por infracción de contrato como por infracción de ley (*in contract and in tort*). No es necesario que el agravio consista de un solo acto o que los daños resultantes consistan de más de un elemento; y que el importe pedido pueda ser computado por varias pérdidas. * * *

"Aunque algunas veces confundidas las causas de acción, hablando con propiedad, se distinguen claramente de las razones de pedir (*remedial rights*) a que puedan dar lugar; y puesto que el remedio pedido no forma parte de la causa de acción, la misma causa de acción puede dar lugar a varias razones de pedir (*remedial rights*), la cuestión de si se han expuesto una o más causas de acción no ha de determinarse en vista de si diferentes clases de re-

medios han sido pedidos o diferentes objetos perseguidos. Una demanda puede, sin exponer más de una causa de acción independiente, exigir la determinación de varias materias incidentales al remedio principal que se pida, especialmente en acciones de naturaleza equitativa. Una demanda será por lo tanto considerada como que no expone sino una causa de acción, aunque pueda solicitar distintas y varias formas de remedios, cuando todos ellos sean germanos a la vindicación de un solo derecho fundamental, y aunque la consideración y fundamento (*control*) de las reclamaciones de distintas personas, o el ejercicio de diferentes formas de las facultades equitativas sean consideradas necesarias para dar efecto (*accomplish*) al propósito principal y se invoquen o generalmente cuando la demanda tiene un solo objeto principal y las diferentes formas del remedio pedido sean meramente incidentales a la misma. * * *

"En un pleito para obligar el cumplimiento de un contrato para la venta de terreno, la demanda no expone sino una sola causa de acción, aunque persiga tanto el cumplimiento personal (*specific performance*) del contrato y como incidental a la misma, la indemnización por concepto de rentas y ganancias. * * *

"La multiplicación de partes no aumenta necesariamente el número de causas de acción, y una demanda puede exponer tan sólo una causa de acción, aunque afecte a un número de personas, ya como demandantes, ya como demandados, o pueda afectar distintas parcelas de terreno separadamente poseídas por diferentes personas. Esto es especialmente cierto en acciones de naturaleza equitativa que requiere el agotar y ajustar los derechos y obligaciones de un número de personas y el ejercicio de diferentes formas de las facultades de equidad y la concesión de diferentes formas de remedios, siendo procedente en tales acciones el acumular como partes todas las personas interesadas sin que sean necesariamente afectadas de la misma manera o con el mismo alcance. * * * "

1 C. J. pp. 1055 et seq.

La orden de la corte de distrito de noviembre 8, 1918, por la que se elimina la demanda enmendada de los autos y la orden de 12 de diciembre de 1918 anulando el embargo por falta de la demanda para sostenerla, deben ser revocadas.

> *Revocadas las resoluciones dictadas por la*
> *corte de distrito, por las cuales se ordenaba*

*la eliminación de la demanda enmendada y*
*se levantó el embargo practicado, devolvién-*
*dose el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.