NORMA ESTHER GONZÁLEZ PÉREZ y OTRO, demandantes y recurridos, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO y OTROS, demandados y recurrente el primero; CORPORACIÓN NATIONAL EMERGENCY MEDICAL SERVICES ADMINISTRATION OF PUERTO RICO, INC. y OTRO, terceros demandados.

*Número:* RE-93-117          *Resuelto:* 26 de abril de 1995

400

*Reina Colón de Rodríguez, Procuradora General Interina*, y *Miguel A. Santana Bagur, Procurador General Auxiliar*, abogados del recurrente; *Gladys González Colón* y *Noel A. Arce Bosques*, abogados de los recurridos.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

Mediante Resolución de 7 de abril de 1993 le concedimos un término a los recurridos para que mostraran causa:

...por la cual no deba modificarse la indemnización concedida a la recurrida Norma González Pérez reduciendo la misma a setenta y cinco mil dólares ($75,000) conforme a las disposiciones

del Art. 2 inciso (a) de la Ley Núm. 104 de 29 de julio de 1955, según enmendada, 32 L.P.R.A. Sec. 3077(a).

Habiendo comparecido los recurridos en el cumplimiento de dicha resolución, ahora resolvemos con el beneficio de dicha comparecencia.

## I

Doña Norma E. González y su esposo, don Marcelino Bosques, presentaron una acción de daños y perjuicios contra el Estado Libre Asociado de Puerto Rico (en adelante E.L.A.) y varios médicos empleados del Estado. Reclamando el resarcimiento de los daños sufridos por aquéllos como consecuencia de la impericia médico-hospitalaria en el tratamiento brindado a la Sra. Norma E. González en el Hospital Sub-Regional de Aguadilla.

El E.L.A. negó responsabilidad y adujo que de existir algún tipo de negligencia, ésta era atribuible a terceros. Además, señaló como defensa afirmativa que en caso de determinarse daños de su parte, éstos no debían ser valorados en exceso a los límites dispuestos bajo la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 L.P.R.A. secs. 3077–3084.

En adición, presentó demanda de tercero contra la *National Emergency Medical Services Administration Of Puerto Rico, Inc.*, (en adelante N.E.M.S.A.) por estar dicha corporación administrando la Sala de Emergencias y el Departamento de Obstetricia y Ginecología del hospital al momento de los hechos en controversia. Más adelante, enmendó la demanda de tercero para incluir al Dr. Héctor Aguilar Amienda, por ser éste empleado de N.E.M.S.A. y uno de los médicos que atendió a la demandante. Así las cosas, el tribunal, mediante sentencia emitida el 1ro de diciembre de 1992, declaró con lugar la acción presentada y determinó que la parte demandante había probado la

negligencia en el tratamiento brindado y sus daños resultantes. En consecuencia, condenó al E.L.A. a satisfacer a los demandantes las siguientes cantidades en resarcimiento de tales daños:

(A) La suma de ciento cincuenta mil dólares ($150,000) a la codemandante, Norma E. González Pérez.

(B) La suma de cincuenta mil dólares ($50,000) al codemandante Marcelino Bosques Barreto.

Las demandas de tercero instadas por el E.L.A. contra N.E.M.S.A. y el doctor Aguilar Amienda fueron desestimadas sin perjuicio por no haber sido éstos emplazados. Las reclamaciones presentadas en contra de los médicos codemandados fueron desestimadas. Por lo tanto, el Tribunal únicamente declaró con lugar la demanda presentada contra el E.L.A., añadiendo en su sentencia que "[e]sto sin afectar o prejuzgar cualquier acción de nivelación por daños solidarios entre este co-demandado y cualquier co-causante solidario de los daños". Anejo I, pág. 26.

Debido a esta sentencia, recurrió ante nos el Procurador General alegando la comisión de los errores siguientes:

### SEÑALAMIENTO DE ERRORES

A) Erró el Honorable Tribunal de instancia al concederle en el presente caso a la co-demandante Norma Esther González Pérez la suma de $150,000.00 como indemnización por sus daños, cuando la cantidad máxima permitida por ley para un demandante por una causa de acción es $75,000.00.

B) Erró el Honorable Tribunal de instancia al imponerle al Estado Libre Asociado de Puerto Rico la obligación solidaria de satisfacer el pago íntegro de una sentencia que excede el límite de $150,000.00 autorizado por ley. Solicitud de revisión, pág. 5.

## II

Tomando en consideración que ambos errores señalados giran en torno a la interpretación del Art. 2 de la Ley Núm. 104, *supra*, 32 L.P.R.A. sec. 3077, los discutiremos conjuntamente.

En síntesis, el E.L.A. plantea que el tribunal de instancia incidió al condenarle que pagara como indemnización la suma de ciento cincuenta mil dólares ($150,000) a la codemandante recurrida Norma E. González por sus daños. Sostiene que por disposición del Art. 2 de la Ley Núm. 104, *supra*, no se le puede condenar a pagarle suma alguna mayor de setenta y cinco mil dólares ($75,000) a dicha codemandante, ya que ésta contaba con una sola causa de acción. Además, aduce que el foro de instancia erró al imponerle la obligación solidaria del pago de una sentencia que excede de ciento cincuenta mil dólares ($150,000).

■ El Art. 2 de la citada Ley Núm. 104 autoriza a demandar al E.L.A. ante el Tribunal de Primera Instancia de Puerto Rico por varias causas, entre ellas la siguiente:

> (a) Acciones por daños y perjuicios a la persona o a la propiedad hasta la suma de setenta y cinco mil (75,000) dólares causados por acción u omisión de cualquier funcionario, agente o empleado del Estado, o cualquier otra persona actuando en capacidad oficial y dentro del marco de su función, cargo o empleo interviniendo culpa o negligencia. Cuando por tal acción u omisión se causaren daños y perjuicios a más de una persona, o cuando sean varias las causas de acción a que tenga derecho un solo perjudicado, la indemnización por todos los daños y perjuicios que causare dicha acción u omisión no podrá exceder de la suma de ciento cincuenta mil (150,000) dólares. Si de las conclusiones del tribunal surgiera que la suma de los daños causados a cada una de las personas excede de ciento cincuenta mil (150,000) dólares, el tribunal procederá a distribuir dicha suma entre los demandantes, a prorrata, tomando como base los daños sufridos por cada uno. Cuando se radique una acción contra el Estado por daños y perjuicios a la persona o a la propiedad, el tribunal ordenará, mediante la publicación de edictos en un periódico de circulación general, que se notifique a todas las personas que pudieran tener interés común, que deberán comparecer ante el tribunal, en la fecha dispuesta en los edictos, para que sean acumuladas a los fines de proceder a distribuir la cantidad de ciento cincuenta mil (150,000) dólares entre los demandantes, según se provee en [el Art. 2 y siguientes de esta ley]. 32 L.P.R.A. sec. 3077.

De la referida disposición se puede colegir claramente

dos (2) situaciones. En la primera se autoriza al Estado a pagar hasta setenta y cinco mil dólares ($75,000) cuando se trata de una sola causa de acción. En la segunda se autoriza hasta un máximo de ciento cincuenta mil dólares ($150,000) cuando se causen daños a más de una persona o cuando sean varias las causas de acción a que tenga derecho un solo perjudicado.

Hemos reiterado, persistentemente, en nuestras opiniones que:

> ...es principio cardinal de hermenéutica que "[a]l interpretar una disposición específica de una ley, los tribunales deben siempre considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarla y nuestra determinación debe atribuirle un sentido que asegure el resultado que originalmente se quiso obtener". Nuestra obligación fundamental en estos casos es imprimirle efectividad a la intención legislativa, propiciando de esta forma la realización del propósito que persigue la ley. Al interpretar y aplicar un estatuto hay que hacerlo teniendo presente el propósito social que lo inspiró. (Citas omitidas.) *Vázquez v. A.R.P.E.*, 128 D.P.R. 513, 523 (1991).

En la interpretación de este estatuto en su texto original, es decir, cuando autorizaba pagar hasta la cantidad de quince mil dólares ($15,000) en las circunstancias allí previstas, aclaramos que la suma de quince mil dólares ($15,000) a que aludía la Ley Núm. 104, *supra.*, se refería a los daños sufridos por cada uno de los demandantes y no a la totalidad de los daños ocasionados en un mismo accidente o evento. *Vda. de Valentín v. E.L.A.*, 84 D.P.R. 112 (1961). Unos años más tarde, en *Ramos Rivera v. E.L.A.*, 90 D.P.R. 817, 820 (1964), reiteramos nuestro dictamen y concluimos que "[c]uando son varias las causas de pedir que tenga un solo perjudicado contra el Estado Libre Asociado, cada una de ellas —por ser una reclamación distinta de la otra— debe ser compensada hasta la suma de $15,000.00 ...".

Al confrontarse con las decisiones judiciales mencionadas, la Asamblea Legislativa estimó necesario atemperar

el alcance de las mismas, particularmente en lo concerniente al impacto fiscal de éstas. A esos efectos se impuso un límite de treinta mil dólares ($30,000) a la indemnización que pudiera conceder un tribunal en acciones por daños y perjuicios instados contra el Estado, en aquellos casos donde la reclamación fuera incoada por más de una persona o cuando se tratara de una persona con varias causas de acción.[1]

De esta manera la Asamblea Legislativa limitó, en efecto, la *indemnización que ha de concederse por la totalidad de los daños* ocasionados por una acción u omisión negligente de un funcionario o empleado del E.L.A., a la cantidad de treinta mil dólares ($30,000), aun cuando ciertamente no limitó el número de causas de acción o la cantidad de reclamantes que pudieran existir a consecuencia de dicha actuación. Es de notar, sin embargo, que la Asamblea Legislativa no modificó entonces el límite de quince mil dólares ($15,000) establecido por la Ley Núm. 104, *supra*, para cada causa de acción. *Ramos Rivera v. E.L.A.*, supra. Lo que hizo la ley fue imponer un límite a la cuantía total por la cual puede ser responsable el Estado en estos casos. Por otra parte, la Ley Núm. 30, *supra*, tampoco varió esta situación, pues enmendó el Art. 2 de la citada Ley Núm. 104, a los únicos efectos de aumentar los límites establecidos a setenta y cinco mil dólares ($75,000) y ciento cincuenta mil dólares ($150,000), respectivamente.

En *Defendini Collazo et al. v. E.L.A., Cotto*, 134 D.P.R. 28 (1993), delimitando nuestro estado de derecho en cuanto a las cuantías de responsabilidad del Estado, dejamos claramente establecido, de una vez y por todas, que la Ley de Reclamaciones y Demandas contra el Estado autoriza hasta un máximo de setenta y cinco mil dólares

---

[1] Véase Informe de la Comisión de lo Jurídico Civil del Senado sobre el P. del S. Núm. 27 de 29 de abril de 1965, págs. 1184–1185.

($75,000) por cada causa de acción y la suma de ciento cincuenta mil dólares ($150,000) en aquellos casos en los cuales existe más de un demandante o uno solo con más de una causa de acción.

Además, expresamos que no son arbitrarios los límites económicos de la responsabilidad del E.L.A., sino que están basados en evidencia relativa al impacto económico que tienen sobre el fisco las reclamaciones contra el E.L.A., por lo que la ley que los establece no adolece de vicio constitucional alguno.

A tenor con los fundamentos antes expresados, procederemos a resolver la controversia ante nos.

## III

En el presente caso la codemandante Norma Esther González Pérez promovió *una sola causa de acción* al amparo del Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141, reclamando la indemnización por los daños y perjuicios sufridos como consecuencia de la negligencia del personal médico que la atendió en el Hospital Subregional de Aguadilla.([2])

Por lo que tratándose de una sola causa de acción, es evidente que al concederle a dicha demandante la suma de ciento cincuenta mil dólares ($150,000) como indemniza-

---

([2]) Debemos tener presente que "causa de acción" es el derecho a presentar una demanda. I. Rivera García, *Diccionario de Términos Jurídicos*, 2da ed. rev., New Hampshire, Equity Publishing Corp., 1985, pág. 36. "[S]i los hechos alegados en una demanda o petición no demuestran sino un derecho fundamental distinto por parte del demandante y un agravio o transgresión por parte del demandado que envuelva ese derecho, no se ha expuesto sino una sola causa de acción... Aunque algunas veces confundidas las causas de acción, hablando con propiedad, se distinguen claramente de las razones de pedir (*remedial rights*) a que puedan dar lugar; y puesto que el remedio pedido no forma parte de la causa de acción, la misma causa de acción puede dar lugar a varias razones de pedir (*remedial rights*), la cuestión de si se han expuesto una o más causas de acción no ha de determinarse en vista de si diferentes clases de remedios han sido pedidos o diferentes objetos perseguidos." *Ortiz v. Texidor, Juez de Distrito*, 27 D.P.R. 134, 139–140 (1919). Véanse, además: *Bravo v. Corte de Distrito*, 34 D.P.R. 792, 793 (1925); *Batlle v. Torruella*, 39 D.P.R. 205, 217–218 (1929).

ción por los daños y perjuicios sufridos, el tribunal de instancia incidió al exceder el límite establecido por el Art. 2 de la Ley Núm. 104, *supra*, para una causa de acción, por lo que procede reducir dicha cuantía a setenta y cinco mil dólares ($75,000).

De otra parte, por fundamentos esencialmente similares, también resulta improcedente, a la luz de las disposiciones pertinentes de la Ley Núm. 104, *supra*, imponerle al E.L.A. la obligación solidaria de pagar una cantidad en exceso del máximo autorizado por dicha ley, *independientemente de que el Estado tenga o no disponible el derecho a entablar una acción de nivelación por daños solidarios contra cualquier otro cocausante de éstos.* Es de notar que el Estado no siempre puede entablar una acción de nivelación contra el cocausante del daño. Cuando éste es un agente o empleado del Estado e incurre en la conducta que dio base a la reclamación en el desempeño de sus funciones oficiales, el Estado está impedido de repetir contra dicho agente o empleado en una acción de nivelación. *Vda. de Valentín v. ELA*, supra, pág. 120; *United States v. Gilman*, 347 U.S. 507 (1954).

Indicamos en *De Paz Lisk v. Aponte Roque*, 124 D.P.R. 472, 492–493 (1989), que "[a] tenor con la Ley de Reclamaciones y Demandas contra el Estado (en adelante Ley de Pleitos), Ley Núm. 104 de 29 de junio de 1955 (32 L.P.R.A. sec. 3077 *et. seq.*), se puede demandar al Gobierno por los daños y perjuicios causados por actuaciones culposas de sus agentes o empleados en el descargo de sus funciones oficiales o, en la alternativa, se puede demandar directamente al agente o funcionario. Sin embargo, no se puede instar la acción directamente contra el empleado público una vez se dicta sentencia contra el Estado o viceversa". En otras palabras, el reclamante puede tratar de recobrar tanto del Estado como del empleado, pero no de ambos, independientemente de la cantidad otorgada por el tribunal. No obstante, no existe disposición alguna en la

Ley Núm. 104, *supra*, que impida imponer responsabilidad solidaria al Estado hasta el máximo permitido por dicho estatuto e imponer el monto restante de la indemnización concedida exclusivamente al cocausante del daño, cuando la actuación de éste no está enmarcada dentro de una relación de agencia o empleo con el Estado.

Debe advertirse que al adoptar el precepto contenido en el citado Art. 2 de la Ley Núm. 104, el legislador en ningún momento estableció condiciones o circunstancias que pudieran variar el rigor de la norma allí impuesta. Tampoco consideró la eventualidad de que la existencia de otros codemandados en una acción de daños y perjuicios pudiera tornar inaplicables los límites económicos a los que está sujeto el E.L.A. cuando también es demandado. Por el contrario, el legislador no sólo estableció los límites antes mencionados sino que, además, fue categórico al disponer en el Art. 7 de la propia Ley Núm. 104, *supra*, 32 L.P.R.A. sec. 3082 que "[e]l Estado satisfará prontamente cualquier fallo en su contra *hasta el máximo señalado* en [el Art. 2 de esta ley]". (Énfasis suplido.)

En ese sentido, al interpretar ambos preceptos conjuntamente a la luz del propósito de la Ley de Reclamaciones y Demandas contra el Estado, es ineludible concluir que *bajo ninguna circunstancia* el E.L.A. está obligado a satisfacer una cantidad mayor a la dispuesta en esta ley, según el Art. 2, *supra*.

Dicha conclusión es cónsona con el principio cardinal de hermenéutica legal de que al interpretar una ley deberá siempre atribuírsele el sentido que mejor responda a la realización del resultado que persigue. *Torres v. Castillo Alicea*, 111 D.P.R. 792, 801 (1981); *García Commercial, Inc. v. Secretario de Hacienda*, 80 D.P.R. 765, 774 (1958). Debe adoptarse una interpretación sensata, lógica y razonable de la ley, de suerte que se haga valer la intención del legislador. *Gobernador v. Alcalde de Coamo*, 131

D.P.R. 614 (1992). De igual manera —en buena metodología interpretativa— la ley debe tomarse como un ente armónico y consistente; interpretarse sus diferentes secciones, las unas en relación con las otras, supliendo la deficiencia en una con lo dispuesto en la otra, pero siempre orientado al cumplimiento del propósito legislativo. *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740 (1992); R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, pág. 315.

## IV

En el presente caso, el dictamen del honorable tribunal de instancia, en la medida que hace responsable solidariamente al E.L.A. del pago íntegro de una sentencia por doscientos mil dólares ($200,000), desvirtúa el propósito y el texto de la Ley Núm. 104, *supra*, la cual, interpretada correctamente, no permite una erogación mayor de setenta y cinco mil dólares ($75,000) por una sola causa de acción en daños y perjuicios, ni mayor de ciento cincuenta mil dólares ($150,000) cuando el mismo evento dañoso resulta en el ejercicio de más de una causa de acción o en más de un reclamante, como ocurre en este pleito.

Por todo lo antes expuesto, *procede que en el presente caso se dicte sentencia que modifique la emitida el 1ro de diciembre de 1992, por el Tribunal Superior, Sala de Aguadilla, a los efectos de reducir la responsabilidad del E.L.A. a setenta y cinco mil dólares ($75,000) en concepto de los daños físicos y mentales sufridos por la recurrida Norma E. González. Así modificada se confirmará la misma.*

El Juez Asociado Señor Alonso Alonso disintió sin opinión escrita.