Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| OLGA HERNÁNDEZ PADILLA<br><br>Apelante<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE NARANJITO, COMISIONADO DE LA POLICÍA Ángel Rodríguez Medina<br><br>Apelada | KLAN202401139 | Apelación Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.: NJ2024CV00134<br><br>Sobre: Violación de Derechos Civiles Daños y Perjuicios |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de febrero de 2025.

El 19 de diciembre de 2024, Olga Hernández Padilla (en adelante Hernández Padilla o la apelante) sometió ante este Tribunal de Apelaciones una *Apelación*. En esta, nos solicita la revisión y revocación de la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario) en la causa de epígrafe. Por virtud del aludido dictamen, el TPI concluyó que las alegaciones contenidas en la *Demanda* que comenzó el pleito no contenían contra Ángel Rodríguez Medida, Comisionado de la Policía Municipal de Naranjito, alegaciones que expusiera hecho alguno por el cual este debía responder en su carácter personal. En consecuencia, aplicó la doctrina de inmunidad condicionada y desestimó la causa de acción que la apelante instó en contra de este en su carácter personal.

Número Identificador

SEN2025 _____

Examinado el expediente ante nos, en virtud del derecho aplicable que más adelante consignamos, resolvemos confirmar la *Sentencia Parcial* apelada. Veamos.

**-I-**

La causa de epígrafe inició el 2 de agosto de 2024 mediante la presentación por la apelante de una Demanda en daños y perjuicios contra el Municipio de Naranjito (en adelante, Municipio), el Sr. Ángel Rodríguez Medina, en su carácter personal y como Comisionado de la Policía Municipal de Naranjito (en adelante, Rodríguez Medina) y otros demandados de nombres desconocidos. En síntesis, allí Hernández Padilla alegó profesar una religión independiente donde se utiliza[n] aparatos de sonidos, bajo los estándares de decibeles permitidos por ley, para la práctica de cultos y prédicas. Igualmente, reclamó que el Municipio por medio de su policía municipal, "ha empleado intimidación y violación de la igualdad de protección de las leyes, libertad religiosa y derechos civiles para impedir que la demandante utilice los aparatos de sonidos mientras lleva a cabo sus cultos. Todo lo anterior, sin prueba pericial y métrica para ello."

Específicamente, la apelante relató que la policía municipal ha intervenido en múltiples ocasiones con ella impidiéndole que lleva a cabo sus cultos religiosos y así favorecer la Iglesia Católica ubicada frente a su propiedad. En cuanto a Rodríguez Medina, la *Demanda* establece lo siguiente:

9. El día 18 de abril de 2024 el Comisionado Rodríguez Medina exigió a la demandante, sin seguir el debido proceso de ley, que esta derrumbara parte de la estructura de la propiedad de Georgina Padilla, de quien la demandante ostenta la Tutela.

10. Que ese mismo día que Ángel Rodríguez Medina insistía en derrumbar la estructura de la propiedad privada de Georgina Padilla Cabrera, este también insistía en forma de amenaza e intimidación para participar de un caso civil privado entre Olga Hernández Padilla y José Padilla Cabrera en contra de la demandante sin el Municipio tener interés alguno.

11. Que por solicitar respetuosamente la disminución de ruidos de los miembros de la iglesia católica Sagrado Corazón de Jesús de Naranjito, el Comisionado Ángel Rodríguez Medina citó, el 8 de

noviembre de 2023, a la demandante formalmente al Centro Metropolitano de Investigaciones y Denuncias (CEMID). Allí el Comisionado difamó a la demandante alegando que ésta había tirado piedras a la propiedad de la Iglesia católica. A pesar de haber alegado tener un video como prueba, nunca lo mostró.

12. El Comisionado ha demostrado la tendencia de favorecer la iglesia católica Sagrado Corazón de Jesús, por encima de cualquier otra religión. Esto en contra de la igual protección de las leyes, debido proceso de ley y libertad religiosa.

El 20 de septiembre de 2024, Rodríguez Medina- representado por el Estado Libre Asociado- presentó una *Moción de Desestimación*. Allí, expuso que un examen detallado de la *Demanda* arrojaba que dicho documento sólo contenía alegaciones en las que se hacía referencia y estaban dirigidas a este en su carácter oficial como Comisionado de la Policía Municipal de Naranjito. Por consiguiente, según alegado, sus actuaciones estaban cobijadas por la doctrina de inmunidad condicionada y este no debía responder en su carácter personal, debiéndose desestimar la *Demanda* en ese sentido.

El 2 de octubre de 2024, la apelante se opuso a la desestimación solicitada. En esta, señala que la solicitud de desestimación sometida se hizo fuera del marco establecido en la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, pues no toma como ciertas las alegaciones de la reclamación. En contrario, aduce que en la solicitud de desestimación se niegan las alegaciones, trayéndose otras cónsonas más con una contestación a demanda que hacen imputaciones que deben ser sustentadas por evidencia. Por ello, Hernández Padilla argumentó que procedía denegar la desestimación. Ese mismo día, Rodríguez Medina replicó dicho escrito.

Habiéndose evaluado estos documentos, el TPI dictó la *Sentencia Parcial* apelada en la que resolvió que las alegaciones dirigidas contra Rodríguez Medina eran en su carácter oficial como Comisionado de la Polícia del Municipio de Naranjito y que, de las mismas, no surgía alegaciones dirigida en su carácter personal. El 9 de diciembre de 2024, la apelante sometió *Reconsideración,* en la que se limitó a argumentar que debía

dejarse sin efecto la *Sentencia Parcial*, pues la demanda está amparada en una Ley Federal o en la alternativa, debía permitirse enmendar la demanda para subsanar cualquier defecto. Esta reconsideración fue declarada No Ha Lugar mediante *Orden* del 10 de diciembre de 2024. En desacuerdo aun, Hernández Padilla instó el recurso de epígrafe y señaló la comisión de los siguientes errores:

> PRIMER ERROR: Erró el TPI como cuestión de derecho al dictar sentencia a favor de la apelada determinando que las actuaciones de Rodríguez Medina están cobijadas bajo la doctrina de inmunidad condicionada.

> SEGUNDO ERROR: Erró el TPI como cuestión de derecho al desestimar la causa de acción, en su carácter personal, contra Rodríguez Medina sin permitir una enmienda a la Demanda como se solicitó.

Atendido el recurso, el 10 de enero de 2025, emitimos *Resolución* en la que le ordenamos a la parte apelada a comparecer en o antes del 21 de enero de 2025. Tras solicitar una extensión de término, el 5 de febrero de 2025, esta presentó su alegato, por lo que damos sometido el asunto y procedemos a resolver.

**-II-**

La doctrina de inmunidad soberana esencialmente establece que el gobierno no puede ser demandado sin su consentimiento. <u>ELA v. El Ojo de Agua Development,</u> 205 DPR 502, 515 (2020) citando a <u>Berríos Román v. E.L.A.</u>, 171 DPR 549, 555-556 (2007) y <u>Defendini Collazo et al v. E.L.A., Cotto</u>, 134 DPR 28, 40 y 47 (1993). No obstante, a través de los años se ha aprobado legislación que ha permitido la presentación de demandas contra el Gobierno de Puerto Rico.[1]

La Ley Núm. 104, *supra,* en su Artículo 2 establece que se autoriza la presentación de:

---

[1] Véase, Ley Núm. 76 del 13 de abril de 1916, conocida como la *Ley para Autorizar Demandas contra el Pueblo de Puerto Rico*, 32 LPRA sec. 3061, enmendada por la Ley Núm. 11 de 18 de abril de 1928, 32 LPRA secs. 3061-3064, y revocada por la Ley Núm. 104 del 29 de junio de 1955, según enmendada, mejor conocida como la *Ley de reclamaciones y pleitos contra el Estado*, 32 LPRA sec. 3061, et seq. (Ley Núm. 104).

(a) Acciones por daños y perjuicios causados por acción u omisión de cualquier funcionario, agente o empleado del Estado, o cualquier otra persona actuando en capacidad oficial y dentro del marco de su función, cargo o empleo interviniendo culpa o negligencia; acciones por daños y perjuicios por alegados actos de impericia médico hospitalaria a los profesionales de la salud que laboren en las áreas de obstetricia, ortopedia, cirugía general o trauma exclusivamente en instituciones de salud pública propiedad del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y/o municipios, independientemente de si dichas instituciones están administradas u operadas por una entidad privada; Cuando por tal acción u omisión se causaran daños y perjuicios a más de una persona, o cuando sean varias las causas de acción a que tenga derecho un solo perjudicado, la indemnización por todos los daños y perjuicios que causare dicha acción u omisión no podrá exceder de la suma de ciento cincuenta mil (150,000.00) dólares. Si de las conclusiones del Tribunal surgiera que la suma de los daños causados a cada una de las personas excede de ciento cincuenta mil (150,000.00) dólares, el Tribunal procederá a distribuir dicha suma entre los demandantes, a prorrata, tomando como base los daños sufridos por cada uno. Cuando se radique una acción contra el Estado por daños y perjuicios a la persona o a la propiedad, el Tribunal ordenará, mediante la publicación de edictos en un periódico de circulación general, que se notifique a todas las personas que pudieran tener interés común, que deberán comparecer ante el Tribunal, en la fecha dispuesta en los edictos, para que sean acumuladas a los fines de proceder a distribuir la cantidad de ciento cincuenta mil (150,000.00) dólares entre los demandantes, según se provee en esta Ley.

Además de lo antes consignado, el transcrito artículo extiende los límites allí impuestos a médicos, profesionales y facilidades de salud privadas, siempre y cuando: (1) la reclamación sea a raíz de servicios dados en apoyo al Gobierno, relacionados específicamente a una emergencia; (2) dicha emergencia haya sido decretada por el Gobernador o Gobernadora mediante orden ejecutiva; (3) el servicio no se apartó de la mejor práctica de la profesión y (4) medió la prestación de servicios de salud bajo el estándar de cuidado razonable. 32 LPRA Sec. 3077. Además de autorizar las acciones delimitadas en su cuerpo hasta el máximo de indemnización allí delimitadas, la Ley Núm. 104, *supra,* permite la imposición del pago de costas en su contra, cuando resulte ser la parte perdidosa en demandas

presentadas al amparo de ese estatuto. 32 LPRA sec. 3083; ELA v. El Ojo de

Agua Dev., *supra*, pág. 516.

Al igual que el discutido estatuto establece en su Artículo 2 qué

acciones están autorizadas a presentarse contra el Estado, en su Artículo 6

dicha ley enumera qué acciones **no** están autorizadas.[2] A tales efectos,

dispone:

> Nada en esta ley autoriza las acciones por daños y perjuicios contra el Estado por acto u omisión de un funcionario, agente o empleado:
>
> (a) En el cumplimiento de una ley o reglamento, aun cuando éstos resultaren ser nulos.
>
> (b) En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.
>
> (c) En la imposición y cobro de contribuciones.
>
> (d) Constitutivo de acometimiento, agresión u otro delito contra la persona, encarcelación ilegal, arresto ilegal, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.
>
> (e) Ocurrida fuera de la jurisdicción territorial del Estado.
>
> (f) En el desempeño de operaciones de combate por las fuerzas aéreas, navales o militares en casos de guerra, invasión, rebelión u otra emergencia, debidamente declaradas como tales por las autoridades pertinentes; Disponiéndose, que gozará el Estado de la misma inmunidad que concede este Artículo por las operaciones de combate de las fuerzas aéreas, navales o militares de Puerto Rico, incluyendo específicamente, pero sin que esto se entienda como una limitación, la Guardia Nacional de Puerto Rico, cuando dichas fuerzas sean movilizadas o utilizadas total o parcialmente por las autoridades pertinentes para actuar en apoyo de las fuerzas de seguridad pública, incluyendo específicamente, pero sin limitarse a ésta, la Policía de Puerto Rico, en operaciones para combatir la criminalidad y el narcotráfico o mantener o restablecer la seguridad pública siempre que ésta se vea amenazada por cualquier motivo, incluyendo, pero sin limitarse a éstas, la criminalidad y el narcotráfico.
>
> (g) En el desempeño de labores no oficiales por miembros de la Policía aunque estén autorizadas por el Superintendente de la Policía; allí donde el Estado no haya sido negligente, de conformidad con la facultad que confiere a éste la Ley Núm. 53 de 10 de Junio de 1996, según enmendada[3].

Además de lo antes consignado, la inmunidad que otorga la Ley

Núm. 104 **no aplicará, por no cubrirlas, "actuaciones dolosas,**

---

[2] 32 LPRA sec. 3081
[3] La Ley Núm. 53 del 10 de junio de 1996, fue derogada y sustituida por la Ley 20-2017, "Ley del Departamento de Seguridad Pública de Puerto Rico."

**fraudulentas, maliciosas o delictivas** en que puedan incurrir los fiscales y el Secretario de Justicia, en la [investigación,] radicación y procesamiento de causas criminales". In re Colton Fontán, 128 DPR 1 (1991), citando a Romero Arroyo v. E.L.A., 127 DPR 724 (1991). (Énfasis suplido)

De otra forma, el Artículo 12 de la Ley Núm. 104, *supra*, autoriza a aquellos funcionarios, exfuncionarios, empleados o exempleados del Estado que sean demandados en daños y perjuicios en su carácter personal, a solicitar que el Estado le provea representación legal y posteriormente, asuma el pago de cualquier sentencia que pueda recaer sobre su persona. Esto procederá, cuando la causa de acción se base en alegadas violaciones a los derechos civiles del demandante, debido a actos u omisiones incurridos de buena fe, en el curso de su trabajo y dentro del marco de sus funciones. 32 LPRA sec. 3085.

Así pues, se puede demandar al Estado y a un funcionario público cuando este último actúa negligentemente u omite actuar según su deber, dentro del marco de sus funciones. De conformidad con ello, la demanda puede presentarse directamente en contra del empleado; en la alternativa, en contra del Estado; o en contra de ambos, aunque no puede haber acumulación de indemnizaciones. García v. E.L.A., 163 DPR 800 (2005), citando a García v. E.L.A., 146 DPR 725, 735 (1998); González Pérez v. E.L.A., 138 DPR 399, 408 (1995); De Paz Lisk v. Aponte Roque, 124 DPR 472, 493 (1989).

*B.*

En nuestro ordenamiento jurídico se permite que una persona contra la que se ha presentado una demanda ante los tribunales solicite su desestimación cuando de las alegaciones de la demanda surja alguna defensa afirmativa que derrotaría la pretensión del demandante. Banco

Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc., 2025 TSPR 1, 215 DPR ____, al citar a Eagle Security v. Efrón Dorado, et als., 211 DPR 83 (2023) y otros. Así pues, la Regla 10.2 de Procedimiento Civil permite que una parte contra la cual se instó una reclamación presente una moción de desestimación por falta de jurisdicción sobre la materia, falta de jurisdicción sobre la persona; insuficiencia del emplazamiento; insuficiencia del diligenciamiento del emplazamiento; dejar de exponer una reclamación que justifique la concesión de un remedio o (dejar de acumular una parte indispensable. Blasinno Alvarado v. Reyes Blassino, 2024 TSPR 93, al citar a Cobra Acquisitions v. Mun. Yabucoa, et al., 210 DPR 384, 396 (2022) y otros.

Al considerar este tipo de escrito, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente y considerarlos de la forma más favorable para la parte demandante. Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc., *supra.* Así, una demanda será desestimada solo si surge que esta carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar. Entiéndase pues, que los tribunales evaluarán "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida". Blasinno Alvarado v. Reyes Blassino, *supra*, al mencionar a Cruz Pérez v. Roldán Rodríguez, et al., 206 DPR 261, 267 (2021); González Méndez v. Acción Social et al., 196 DPR 213 (2016), más citas omitidas.

**-III-**

Al discutir el primer error que señala, la apelante asevera que la defensa de inmunidad condicionada no exime automáticamente al apelado. Así, y en virtud de la jurisprudencia que cita, argumenta que Rodríguez Medina responde independientemente de si actuó con buena fe o con

malicia. Asimismo, sostiene que demostró y rebatió que "la demanda va dirigida al Comisionado de la Policía de Naranjito, quien actuó so color de autoridad y violentó derechos constitucionales de la demandante." Además, niega que su reclamación no aduzca alegaciones contra el Comisionado para que este responda en su carácter personal, pues allí sostuvo que el demandado era incluido en su carácter personal y como Comisionado de la Policía Municipal de Naranjito al amparo de la Ley Federal de Derechos Civiles. Por otro lado, en la discusión de su segundo error, asevera que el TPI falló al desestimar la causa de acción contra Rodríguez Medina en su carácter personal en lugar de permitirle enmendar la demanda.

En cambio, la Oficina del Procurador General, al comparecer en representación de Rodríguez Medina, afirma que los hechos específicos alegados por la apelante en la *Demanda* demuestran que el TPI actuó correctamente al desestimar el reclamo que la apelante instó contra este en su carácter personal. Específicamente, señala que si bien es cierto que conforme la Regla 6.1 de Procedimiento Civil, solo es necesario exponer una relación sucinta y sencilla de la reclamación, el demandante debe alegar hechos suficientes que eleven su reclamación más allá del nivel especulativo y la empujen a través de la línea de lo "concebible" o "plausible".[4] De igual forma, al citar a Acevedo v. Srio. Servicios Sociales, 112 DPR 256 (1982), argumenta que la inmunidad que cobija a los funcionarios públicos es una condicionada y no absoluta. Por consiguiente, tal defensa afirmativa es inoperante y debe responder **personalmente,** cuando actúa irrazonablemente o si debió haber sabido que su conducta era ilegal. Niega que estas sean las circunstancias del caso y afirmativamente expone que Rodríguez Medina actuó conforme las disposiciones del

---

[4] Al así establecer, cita la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1; Bell Atlantic Corp. v. Twombly, 550 US 544 (2007); y al tratadista Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil,* 6ta Ed., (2017).

Código de Orden Público del Municipio Autónomo de Naranjito relacionadas a la prohibición de ruidos excesivos o innecesarios.[5]

Evaluadas ambas posturas, según anunciamos, resolvemos confirmar la desestimación decretada por el TPI en cuanto a la causa de acción sometida por Rodríguez Medina en su carácter personal. No albergamos duda que la Ley Federal de Derechos Civiles concede una indemnización en daños a una parte agraviada por la violación de sus derechos constitucionales.[6] Ahora bien, una reclamación bajo este estatuto no procede contra el Estado ni contra sus funcionarios que actúan en su capacidad oficial.[7] Ello podrá ocurrir cuando estén envueltas actuaciones dolosas, fraudulentas o delictivas por parte del funcionario.[8]

Un análisis ponderado de la *Demanda* y las alegaciones contenidas en ella contra Rodríguez Medina demuestra que la reclamación de la apelante es contra el Estado y contra él **en su capacidad oficial como Comisionado de la Policía Municipal de Naranjito**. Alcanzamos esta conclusión al notar que las actuaciones levantadas en su contra se enmarcan en su posición oficial y las alegaciones levantados contra él se fundan en generalidades, por lo que no procedía imponerle responsabilidad personal. Como correctamente señala el Procurador General, estas alegaciones incumplen el estándar de plausibilidad establecido por el Tribunal Supremo Federal en Bell Atlantic Corp. v. Twombly, *supra*, y Ashcroft v.

---

[5] Estimamos prudente hacer la salvedad que lo que hoy resolvemos no adjudica en los méritos esta aseveración. Esta tarea le corresponderá en su día al TPI, una vez reciba toda la prueba documental y testifical de las partes.

[6] La sección 1983 de dicho estatuto lee: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia"

[7] Will v. Michigan Dept. of State Police, 491 US 58 (1989).

[8] Véase, Romero Arroyo v. ELA, 127 DPR 724 (1991).

<u>Iqbal</u>, 556 US 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Es por ello por lo que concluimos que el TPI no cometió los errores señalados por la apelante.

**-IV-**

Por las razones aquí esbozadas, confirmamos la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones